# IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| V. | * | NO: 4:09CR00213 SWW |
| KARUTHUS LEWIS PLUMMER | * | |

## ORDER

On August 24, 2010, Defendant Karuthus Lewis Plummer pleaded guilty to one charge of aiding and abetting the possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2(a). On September 6, 2011, the Court sentenced Defendant to serve eighty-four months' imprisonment, followed by three years' supervised release. Now before the Court is Defendant's motion to amend the judgment (ECF No. 57). After careful consideration, and for reasons that follow, the motion is denied.

From the time Defendant pleaded guilty on August 24, 2010 until May 9, 2011, when he reported to the United States Marshal to begin serving his sentence, Defendant remained released on bond to home detention and electronic monitoring, and he was permitted to go to and from work. Now before the Court is Defendant's motion asking the Court to credit his sentence for the 257 days he spent on home detention with electronic monitoring.

In support of his motion, Defendant cites U.S.S.G. §5G1.3(b). Section 5G1.3(b) applies only when a defendant is subject to an undischarged term of imprisonment that is relevant conduct to the instant offense and provides a basis for an increase in the offense level for the

instant offense. In such cases, § 5G1.3(b)(1) requires that "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence of the Bureau of Prisons." U.S.S.G. § 5G1.3(b)(1). Even assuming that Defendant was subject to an undischarged term of imprisonment at the time of sentencing, the time he spent under restrictive conditions of release before he began serving his federal sentence does not amount to a "period of imprisonment" for purposes of § 5G1.3(b).

IT IS THEREFORE ORDERED that Defendant's motion to amend the judgment (ECF No. 57) is DENIED.

IT IS SO ORDERED THIS 25TH DAY OF OCTOBER, 2013.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE